JONES, Justice:
In the Circuit Court of Pike County, appellant was convicted of uttering a check, the endorsement on which was forged, and was sentenced to two years in the penitentiary from which conviction he appeals. We affirm.
The assignments of error charge error in: (1) Overruling motion for a new trial, which motion was on alleged ground that evidence did not sustain the charge of uttering, and (2) In giving instructions 3 and 4 for State, as not based on evidence.
The evidence was: H. L. Adams and appellant were both employed by the Illinois Central Railroad working at or near Hammond, Louisiana. Jones was a resident of McComb in Pike County, Mississippi.
H. L. Adams was assistant foreman of the bridge gang, and Jones was timekeeper on the same crew.
In December 1967, among others, a railroad paycheck in the amount of $243.64 payable to H. L. Adams was, as customary, sent to the station agent at Hammond. Paychecks for the crew were mailed in the same envelope, and the men would ordinarily receive their checks from the agent. The foreman would often ask the timekeeper to pick up the checks.
The agent at Hammond knew appellant. The agent said he received the envelope with the checks. He cut open the envelope —saw the checks but removed none. He put the envelope under lock and key. That same morning appellant came and asked for the checks, which he had done previously. He told the agent some employees wanted their checks before going home for Christmas. They were waiting for the northbound passenger train. The envelope with the checks was delivered to appellant. The agent did not examine the checks and did not remember appellant saying that Adams’ check was not there.
On this day, Mr. Adams came in from work about noon and testified that appellant met him at the door and said his (Adams’) check did not come. Adams called the office at Chicago and in about eight days received another check to replace the one not received.
He was shown the check on the witness stand and testified that his name was on the back of the check, but it was not his signature, and he had authorized no one to endorse for him nor had he given permission to anyone to cash it. He had received no money from that check and had never been in the Star Food Store (where the check was cashed) and had never been to Magnolia, where said store was, except in passing through.
The captain of police for the Louisiana division of the railroad investigated the matter. He obtained the check from the store, it having been returned. The captain said appellant admitted picking up the checks, but that when he thumbed through them, Adams’ check was not there. All members of the gang, including appellant, gave samples of their handwriting, which were forwarded to the F.B.I. for examination and comparison, along with some letters from the railroad files. There was also sent to the F.B.I. the forged check.
The handwriting expert of the F.B.I. testified that in his opinion appellant had written the endorsement.
The owner of the store where the check was cashed said it was returned with “forged endorsement” as the reason. He had not been reimbursed for his loss. When the check was returned, he could not determine which employee had paid the check, nor who had presented it; that he did not know appellant and could not say he cashed the check.
*627 The appellant did not testify.
Under this evidence, the jury was justified in finding that appellant obtained the check and endorsed it. If he forged the endorsement, one of these facts was true: (1) either he cashed the check, or (2) he was accessory before the fact and considered a principal. § 1995, Miss.Code 1942 Annot. (1956).
Instructions numbers 3 and 4 submitting these two theories to the jury were properly given.
The case is affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, SMITH, and ROBERTSON, JJ., concur.